UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL COLLINS, and JOEL RUMPH, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 1:16-CV-00134 |
| BROWN & MARTIN GREENHOUSES LLC and AKA GENERAL CONTRACTORS, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

**I. SUMMARY**

1.   Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering away the wages rightfully earned by their employees.

2.   Plaintiffs Daniel Collins and Joel Rumph ("Plaintiffs") and the employees they seek to represent ("Class Members") are current and former non-exempt employees of Defendants Brown & Martin Greenhouses LLC and AKA General Contractors ("Defendants") who worked as manual laborers within the last three (3) years. Defendants knowingly and

deliberately failed to pay their employees overtime at the formula prescribed by the FLSA by restricting compensation to straight time compensation regardless of the amount of hours worked.  *See* 29 U.S.C. § 207(a)(1).

3.      Defendants' compensation policies violate the FLSA mandate that non-exempt employees, such as Plaintiffs, be paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) within a single week.  Specifically, Defendants intentionally misclassified Plaintiffs and Class Members as independent contractors in a scheme to avoid their wage duties to their employees under the FLSA.

4.      Plaintiffs seek to recover all unpaid wages and other damages on behalf of themselves and the Class Members through a 29 U.S.C. § 216(b) collective action in order to remedy the extensive and sweeping violations of the wage and hour provisions of federal law. These violations have deprived Plaintiffs and Class Members of their lawfully earned wages and unjustly enriched Defendants.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5.      This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA via 29 U.S.C. § 216(b).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the action giving rise to this claim occurred in this District, including a number of the wrongs herein alleged.

## III. PARTIES & PERSONAL JURISDICTION

7.      Plaintiff Daniel Collins is an individual residing in Hardin County, Texas.  His written consent form is attached hereto as Exhibit "1."

8. Plaintiff Joel Rumph is an individual residing in Hardin, Texas. His written consent form is attached hereto as Exhibit "2."

9. Brown & Martin Greenhouses LLC is a Texas for-profit limited liability company. Service of process may be effectuated against Defendant through service of its registered agent Kimberly A. Davis, 1255 Hwy 12, Vidor, Texas 77662.

10. AKA General Contractors is a Texas for-profit company. Service of process may be effectuated against Defendant through service of Kenneth Martin, 11214 FM 421, Kountze, Texas 77625.

## IV. FLSA COVERAGE

11. At all times material to this action, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

12. At all times material to this action, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact that Defendants have had and continues to have employees engaged in commerce.

13. Defendants have an annual gross business volume of not less than $500,000, thereby exceeding the statutory minimum for FLSA actions.

## V. FACTS

14. Defendants operate a business that provides greenhouses. Their business provides the manual labor force required to build, maintain or demolish greenhouses.

15. Defendants do business throughout Texas, Oklahoma, Arkansas, Mississippi, South Carolina, and Louisiana.

16. Plaintiffs worked for Defendants as manual laborers.

17. Plaintiff Daniel Collins worked from approximately 2013 through December 2015.

18. Plaintiff Joel Rumph worked from approximately February 2015 through January 2016.

19. As manual laborers, Plaintiffs' primary duties were to build, maintain or demolish greenhouses.

20. Defendants compensate its manual laborers, including the Plaintiffs, on an hourly rate basis.

21. Defendants compensate its manual laborers, including the Plaintiffs, on a straight time basis for all hours worked. Meaning, Defendants do not pay overtime at the premium hourly rate, instead, they pay at the same hourly rate for all hours worked.

22. Defendants classify all of its manual laborers as independent contractors.

23. Defendants' classification of Plaintiffs as independent contractors was not due to any unique factor related to their employment or relationship with Defendants. As a matter of common business policy, Defendants routinely misclassified all of its manual laborers as independent contractors as opposed to employees. As a result of this uniform misclassification, Plaintiffs and Class Members were not paid the minimum wage or overtime wages required under the FLSA.

24. Defendants' misclassification of Plaintiffs and the Class Members as independent contractors was designed to deny them their fundamental rights as employees to receive minimum wages, overtime, and all done to enhance Defendants' profits.

25. Defendants' misclassification of Plaintiffs and Class Members as independent contractors was willful. Defendants knew or should have known that Plaintiffs and the Class

Members were improperly classified as independent contractors. Even a cursory examination of the law would have revealed this basic fact.

26. Employment is defined with "striking breadth" in the context of wage and hour laws. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 325-26 (1992). The determining factor as to whether manual laborers like Plaintiff are employees or independent contractors under the FLSA is not the worker's election, subjective intent, or any contract he might enter into. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947); *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). Instead, the test for determining whether an individual is an "employee" under the FLSA is the economic realities test. Under that test, employee status turns on whether the individual is, as a matter of economic reality, in business for himself and truly independent, or rather is economically dependent upon finding employment in others.

27. Under the applicable test, courts utilize several factors to determine economic dependence and employment status. These factors are: (i) the degree of control exercised by the alleged employer, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business.

28. The totality of the circumstance surrounding the relationship between Defendants and Plaintiffs and Defendants and Class Members establishes economic dependence by the manual laborers on Defendants and thus employee status. As a matter of economic reality, Plaintiffs and all other Class Members are not in business for themselves and truly independent, but rather are economically dependent upon finding employment in others, namely Defendants. The manual laborers are not engaged in occupations or business distinct from that of Defendants.

Rather, their work is the basis for Defendants' business. Defendants obtain the customers who desire a greenhouse, and provide the manual laborers who build the greenhouses on behalf of Defendants' business. Defendants retain pervasive control over the construction and design of the greenhouses as a whole and the manual laborer's duties are an integral part of the operation. Finally, the manual laborers, like Plaintiffs, work exclusively for Defendants for extended periods of time.

29. Defendants' conduct was willful and without a good faith basis to believe that their conduct complied with the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring this complaint as collective action pursuant to 29 U.S.C. § 216(b) on behalf of their fellow employees who were employed or are currently employed by Defendants as manual laborers within three (3) years from the commencement of this action who have not been compensated at one and one-half their regular rate of pay for all hours worked in excess of forty (40) in a single week.

31. Plaintiffs have actual knowledge that Class Members throughout the state have likewise been denied overtime by Defendants.

32. Plaintiffs are similarly situated to the Class Members. Like Plaintiffs, the Class Members are subject to the common practice, policy, or plan of Defendants concerning the non-payment of overtime. Additionally, Class Members and Plaintiffs have the same, or substantially the same, duties. Similarities also exist with respect to job responsibilities, job titles, and employment dates.

33. The size of the class is so numerous that the joinder of all the manual laborers on an individual basis would be impracticable.

34. Common questions of law and fact are involved, including questions posed by Plaintiffs' allegations that Defendants failed to pay overtime when that overtime was legally earned and that Defendants misclassified its manual laborers as independent contractors.

35. The claims of Plaintiffs and Class Members arise from a common nucleus of operative facts, namely the continued willful failure of Defendants to comply with their obligations to compensate their employees in harmony with federal law.

36. The names and address of the Class Members of this collective action are discoverable from Defendants' records. To the extent required by law, notice will be provided to these individuals via First Class Mail and electronic mail or by the use and a form of notice similar to those customarily used in representative actions in order to inform them of the pendency of this action and provide them an opportunity to opt-in pursuant to 29 U.S.C. § 216(b).

37. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former manual laborers employed by Defendants during the three (3) year period before the filing of this Complaint up to the present.**

### VII. CAUSES OF ACTION—VIOLATIONS OF 29 U.S.C. § 206 & 207

38. Plaintiffs incorporate the preceding paragraphs by reference.

39. For every hour worked in excess of forty (40) in a work week, Plaintiffs and Class Members were entitled to be paid at the rate of one and one-half their regular rates of pay. 29 U.S.C. § 207(a)(1).

40. For every hour worked up to 40 in a workweek, Plaintiffs and Class Members were entitled to be paid at the federally mandated minimum wage rate. 29 U.S.C. § 206.

41. Consequently, when Defendants failed to pay minimum wage and overtime, they violated the FLSA.

42. No exception provided in the FLSA, its implementing regulations, or recognized by the Department of Labor authorizes Defendants to disregard paying minimum wage and overtime to the Plaintiffs and Class Members.

43. Defendants' failure to pay minimum wage and overtime was willful and not based on a good faith belief that their conduct did not violate the FLSA.  Thus, the foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## VIII. WAGE DAMAGES SOUGHT

44. Plaintiffs and Class Members are entitled to recover their unpaid minimum and overtime wages for all time worked in a single week.

45. Plaintiffs and Class Members are entitled to recover an equal amount of their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).

46. Plaintiffs are also entitled to recover their attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## IX. JURY DEMAND

47. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiffs hereby demand a trial by jury.

## X. PRAYER FOR RELIEF

48. For these reasons, Plaintiffs respectfully request that judgment be entered in their favor and the Class Members awarding them:

   a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b.  Unpaid minimum wage compensation;

c.  An equal amount of their unpaid minimum wage and overtime premiums as liquidated damages, as allowed under the FLSA;

d.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

e.  Such other and further relief to which Plaintiffs and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: */s/ Todd Slobin*
TODD SLOBIN
State Bar No. 24002953
Federal ID No. 22701
tslobin@eeoc.net
RICARDO J. PRIETO
State Bar No. 24062947
Federal ID No. 1001658
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS